UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JULIO N. MORA-ACOSTA, | : | Civil Action No. 25-18648 (BRM) |
| Petitioner, | : | |
| v. | : | **MEMORANDUM AND ORDER** |
| PAM BONDI, *et al.*, | : | |
| Respondents. | : | |

**THIS MATTER** is before the Court on Petitioner Julio N. Mora-Acosta ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, challenging his detention by immigration authorities without an individualized bond hearing (ECF No. 1) and Respondents' letter response (ECF No. 4).

Petitioner, a native of Nicaragua, who has been living in the United States since he entered without inspection in September 2022. (*Id.* at 1.) On November 23, 2025, Petitioner was arrested by Immigration Customs and Enforcement ("ICE") agents. (*Id.*) Petitioner has been in ICE detention since his arrest. (*Id.*) Following Petitioner's arrest and detention by ICE, he has not been afforded an individualized bond hearing because he is being held in mandatory detention under 8 U.S.C. § 1225(b)(2). (*Id.*)

On December 17, 2025, the Court ordered Respondents to file an answer. (ECF No. 2.) Respondents filed a letter response on December 31, 2025. (ECF No. 4.)

The Petition contends Petitioner is unlawfully detained under 8 U.S.C. § 1225(b)(2) without a bond hearing. (*See* ECF No. 1.) Respondents assert the same position they have in many other similar cases in this District, including the position they took before this Court in the recent

matter *Sandhu v. Tsoukaris*, No. 25-14607 (BRM). In *Sandhu*, Respondents argued DHS has implemented a new policy interpreting INA § 235, 8 U.S.C. § 1225(b)(2)(A), to require mandatory detention of noncitizens who entered the United States without admission or inspection and to render them ineligible for release on bond, a position that the Board of Immigration Appeals recently adopted in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025).

In *Sandhu*, this Court rejected *Hurtado's* interpretation of 8 U.S.C. § 1225(b)(2). *Sandhu*, No. 25-14607, ECF Nos. 7, 8. In a factually similar situation, the Court held that Sandhu was unlawfully held in mandatory detention under § 1225(b)(2) and need to be treated as being held the discretionary authority of 8 U.S.C. § 1226(a).

In *Sandhu*, this Court explained the following:

> The issue of whether Petitioner is properly detained under § 1225(b) or § 1226(a) is similar to that of many cases in this District and around the country. "The line historically drawn between these two sections . . . is that section 1225 governs detention of non-citizens 'seeking admission into the country,' whereas section 1226 governs detention of non-citizens 'already in the country.'" *Martinez v. Hyde*, No. 25-cv-11613, 2025 WL 2084238, at *8 (D. Mass. July 24, 2025) (citing *Jennings*, 583 U.S. at 288–89); *see also Lopez-Campos v. Raycraft*, 2025 WL 2496379, at *8 (E.D. Mich. Aug. 29, 2025) ("There can be no genuine dispute that Section 1226(a), and not Section 1225(b)(2)(A), applies to a noncitizen who has resided in this country for over twenty-six years and was already within the United States when apprehended and arrested during a traffic stop, and not upon arrival at the border.").
>
> . . .
>
> For nearly 30 years, § 1225 has applied to noncitizens who are either seeking entry to the United States or have a close nexus to the border, and § 1226 has applied to those aliens arrested within the interior of the United States. The Supreme Court in *Jennings* explicitly adopted this distinction, describing § 1225 as the detention statute for noncitizens affirmatively "seeking admission" into the United States, and § 1226 as the detention statute for noncitizens who are "already in the country." [*Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018)]. And although the *Jennings* Court characterizes § 1225(b)(2) as the "catchall" detention provision for noncitizens who are "seeking admission," it identifies § 1226(a) as the

"default rule" for the arrest, detention, and release of non-criminal aliens who are already present in the United States. *Id.* at 303.

The vast majority of courts confronting this precise issue have rejected Respondents' interpretation, as well as the BIA's interpretation in *Hurtado*, as contradictory to the plain text of § 1225.[1] *See, e.g.*, *Soto* [*v. Soto, et al.*, No. 25-cv-16200, 2025 WL 2976572, at *7 (D.N.J. Oct. 22, 2025)] (finding that § 1225(b)(2)(A) applies only to noncitizens who are actively, *i.e.*, affirmatively, "seeking admission" to the United States and not petitioners who have been residing in the United States); *Belsai D.S. v. Bondi*, No. 25-cv-3682, 2025 WL 2802947 at * 6 (D. Minn. Oct. 1, 2025) (noting that "the government's proposed interpretation of § 1225(b) [is] at odds with the context and structure of the provisions governing detention of noncitizens who are arriving at the border and those who are already present in the country"); *Zumba*, 2025 WL 2753496 at * 3 (noting that "up until July 8 the predominant form of detention authority for petitioner and other noncitizens arrested in the interior of the United States was § 1226(a)"); *Salazar v. Dedos*, No. 25-cv-835, 2025 WL 2676729 (D.N.M. Sept. 17, 2025); *Lepe v. Andrews*, No. 25-cv-01163, 2025 WL 2716910 (E.D. Cal. Sept. 23, 2025); *Roman v. Noem*, No. 25-cv-01684, 2025 WL 2710211 (D. Nev. Sept. 23, 2025); *Giron Reyes v. Lyons*, No. 25-cv-4048, 2025 WL 2712427 (N.D. Iowa Sept. 23, 2025); *Singh v. Lewis*, No. 25-cv-0096, 2025 WL 2699219 (W.D. Ky. Sept. 22, 2025); *Barrera v. Tindall*, No. 25-cv-541, 2025 WL 2690565 (W.D. Ky. Sept. 19, 2025); *Hasan v. Crawford*, No. 25-cv-1408, 2025 WL 2682255 (E.D. Va. Sept. 19, 2025); *Vazquez v. Feeley*, No. 2:25–cv–01542, 2025 WL 2676082 (D. Nev. Sept. 17, 2025); [collecting additional cases].

*Sandhu*, No. 25-14607 (ECF No. 7 at 7–11).

Based on this Court's statutory interpretation in *Sandhu*, No. 25-14607, the Court finds the facts asserted in the Petition establish Petitioner's detention is authorized only by 8 U.S.C. § 1226(a), and not § 1225(b)(2).

Accordingly, and for good cause appearing,

**IT IS** on this 5th day of January 2026,

---

[1] This Court is not required to defer to the BIA's interpretation of § 1225 because "[w]hen the meaning of a statute [is] at issue, the judicial role [is] to 'interpret the act of Congress, in order to ascertain the rights of the parties.'" *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 412 (2024) (quoting *Decatur v. Paulding*, 39 U.S. 497, 503 (1840)).

**ORDERED** the Petition (ECF No. 1) is **GRANTED**; and it is further

**ORDERED** Respondents shall treat Petitioner as detained under 28 U.S.C. § 1226(a); and it is further

**ORDERED** that, as soon as practicable but <u>**no later than 7 days from the date of this Order**</u>, Respondents shall provide Petitioner with an individualized bond hearing in accordance with 8 U.S.C. § 1226(a) before an immigration judge who shall assess whether he presents a flight risk or a danger to the community; and it is further

**ORDERED** within <u>**3 business days**</u> of that bond hearing, Respondents shall file a written notice of the outcome of that proceeding with the Court; and it is finally

**ORDERED** the Clerk of Court shall serve a copy of this Order and the accompanying Opinion upon the parties electronically.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**